HUDOCK, Judge,
dissenting.
While I agree with much of the Dissenting Opinion of my learned colleague, Judge Johnson, I write separately in dissent because I agree with amici curiae and the dissenting judge on the en banc panel of the court below, Judge Bruno, that sterilization should not be considered where there is no evidence of voluntary sexual activity. There is no such evidence here. Further, I would modify the third guideline of Terwilliger to eliminate all consideration of the likelihood that the incompetent who is not engaging in voluntary sexual activity might do so in the future and would further eliminate the likelihood that she might be sexually abused as a consideration. I agree with amici curiae that such sterilization as a means of protection can only encourage complacency in safeguarding individuals like C.W. who need constant care and protection, and with Judge Bruno, who wisely wrote:
The protection of this woman’s physical person from harm is the real issue in this case. Sterilization will not and cannot protect [C.W.] from untoward sexual advances and abuse. It can only prevent one of the unwanted results of sexual abuse and activity, pregnancy. What about the trauma of rape? What about the death sentence of AIDS and the horrors of syphilis?
Estate of C.W., O.C., No. 3107 of 1987, Slip Opinion at 2 (C.C.P.Phil., August 1, 1991) (Bruno, J., Dissenting).